TAYLOR *v.* STATE.*

(Division A. Nov. 7, 1927.)

[114 So. 390. No. 26725.]

1. CRIMINAL LAW. *Error could not be predicated on admission of evidence, part of which was admitted without objection.*

Where only one objection to county attorney's testimony was made which court sustained and balance of his testimony was admitted without objection, error could not be predicated upon admission of county attorney's testimony, since error was not called to attention of lower court.

2. JURY. *In homicide prosecution, where court ordered special venire from first district of county, refusal to order one from second district held not error, statutes being directory (Hemingway's Code 1927, sections 2338, 2362, 2365).*

In homicide prosecution, where court ordered special venire from First judicial district of county where crime was alleged to have been committed, refusal to order one from Second judicial district *held* not error, since, under Hemingway's Code 1927, section 2338 (Code 1906, section 2692), it is not mandatory that special venire be drawn from entire county, language "if the court so direct" lodging discretion with trial court, and section 2362 (Code 1906, section 2715) vesting discretion in trial court as to jury box

from which special venire is to be drawn, and section 2365 (Code 1906, section 2718) providing that such statutes are directory merely.

3. CRIMINAL LAW. *Where there is no evidence that defendant was not tried by impartial jury, error may not be predicated upon irregularity in impaneling jury.*

Where there is no evidence to show that defendant was not tried by fair and impartial jury, error may not be predicated upon an irregularity in drawing or impaneling jury.

*Corpus Juris-Cyc. References: Criminal Law, 17CJ, p. 50, n. 48; p. 56, n. 16; p. 237, n. 20; p. 238, n. 21; p. 289, n. 13; p. 290, n. 21; Juries, 35CJ, p. 284, n. 72; p. 285, n, 86; p. 286, n. 97; p. 289, n. 64, 65.

APPEAL from circuit court of Chickasaw county, First district.

HON. C. P. LONG, Judge.

Lawrence Taylor was convicted of manslaughter, and he appeals. Affirmed.

*Bratton & Mitchell,* for appellant.

I. The motion for a special venire was made in due form and in compliance with section 2208, Hemingway's Code of 1917. This identical proposition has never been before this court in this form insofar as we have been able to ascertain. The nearest case on this subject that we have found is *Brown* v. *State,* 38 So, 316, in which it was shown that the jury box for one of the judicial districts had been exhausted and the court directed the sheriff to summon an equal number of qualified jurors from the district to serve on a special venire.

If the course pursued in the Brown case was right and proper, it then follows that the defendant in the case at bar had a right to have a special venire from both judicial districts of Chickasaw county, it having been shown from the testimony that the jury box from the second, or Okolona District, contained a complete list of jurors as made up and placed therein by the board of supervisors. To the same effect, *West* v. *State,* 80 Miss. 710.

II.  We submit that the court was in error when it
permitted the county attorney to give his opinion in ref-
erence to the bullets without qualifying as an expert on
that subject.  For the above errors we submit that this
case should be reversed and remanded.

*J. A. Lauderdale,* Assistant Attorney-General, for the
state.

I.  *Special venire.*  After both sides had announced
ready for trial, appellant by attorney moved the court
to grant him a special venire and requested that said
venire be summoned from the body of the county.  In
other words, that the jurors be drawn from both judicial
districts of said county.  The court sustained the mo-
tion and granted a special venire of forty men, but or-
dered that they be drawn from the first judicial district
of said county.  Appellant assigns this action of the
court as error.

See section 2184, Hemingway's Code.  This court has
held that this section authorizes the circuit court
in its discretion to summons a special venire from
the body of the county.  This section, however, is
not mandatory that all special venires must be drawn
from the body of the county.  I think the clause, ''If
the court so direct,'' leaves it entirely within the dis-
cretion of the trial court as to whether or not the jurors
shall be drawn from one court district or the county at
large.

We refer also to section 2208, Hemingway's Code.
This section provides that the jury shall be drawn ''from
the jury-box,'' and it is clear from this statute that un-
less the trial court so desires, the jury is to be drawn
from the box of the district in which the case is being
tried.  This court has specifically held that this section
relates to the impaneling of juries and is made directory
by section 2211, Hemingway's Code, and that there is no
evidence that the accused was not tried by a fair and

impartial jury. Error cannot be predicated for an irregularity in drawing or impaneling the jury. *Haney* v. *State,* 129 Miss. 486; *Ferguson* v. *State,* 107 Miss. 559.

There is no contention on the part of the appellant that the jury which tried this case was not fair and impartial. The record does not contain a single exception or objection to any one of the jurors, and there is no hint that said jury was not fair and impartial to the defendant. See, also, *Walford* v. *State,* 106 Miss. 19; *McVey* v. *State,* 117 Miss. 243.

In *West* v. *State,* 80 Miss. 710, 32 So. 298; and *Brown* v. *State,* 38 So. 316, the court ordered that the special venire be drawn from the county at large. This court held that under said section 2184, the court was authorized to do this. The question raised by appellant, however, in these two cases was the manner in which the jury should be drawn after the special venire had been ordered by the court from the body of the county.

I am unable to find any decision of this court deciding the exact question here involved, but I think the reading of the statutes herein quoted show conclusively that the authority rests within the discretion of the trial court and that he did not abuse this discretion in overruling the motion.

II. *Testimony of H. B. Abernathy, County Attorney.* Counsel for appellant did not move to exclude testimony now objected to. This court has repeatedly held that where testimony is offered on the part of the state without objection on the part of the defendant, and there is no motion by the defendant to exclude same, he cannot complain in this court.

McGowen, J., delivered the opinion of the court.

Upon an indictment for murder in the First district of Chickasaw county, Lawrence Taylor was convicted of manslaughter and sentenced by the court to serve a term

of fifteen years in the state penitentiary, from which he prosecutes this appeal.

Appellant urges no error on the facts of the case; therefore they will not be detailed.

The appellant assigns as error, first, the refusal of the trial court to order a special venire from the two judicial districts, the court having granted his request for a special venire, but limiting the same to the First district, the one in which the crime was alleged to have been committed. The court ordered a special venire of forty men to be summoned from the First judicial district, but refused the request of the appellant to order one from the Second judicial district of said county.

And, second, that the court erred in admitting the testimony of H. B. Abernathy, county attorney, but as to this second assignment of error, we shall only say that the record discloses only one objection to this testimony or any part of it, and that was sustained by the court, the balance of it going in without objection; and error may not be predicated upon this assignment, because it was not called to the attention of the lower court, and in the light of the trial it is unimportant.

On the first assignment of error, we think the court properly refused to grant a special venire, except as to the First judicial district. Two sections of the Code are involved here, but it is only necessary to quote the sections, as they are in themselves decisive of the question, there being no contention in this record that the jury was in any manner unfair, biased, or partial, and the record shows that the defendant was tried by a fair and impartial jury. Section 2338, Hemingway's Code 1927 (section 2692, Code of 1906), is as follows:

"In counties where there are two circuit court districts the board of supervisors shall make a list of jurors for each district in the manner directed for a county, and the same shall be treated in all respects as for an entire county. In such counties a juror shall not be required

to serve out of his district, except the court in its discretion should otherwise direct, and except when drawn on a special venire; and in either of such excepted cases the jury shall be drawn from the two jury boxes, if the court so direct, one name from each alternately.''

It is manifest that this section simply permits the circuit court, in its discretion, to summon a special venire from the body of the county, and there is nothing in the language to indicate that it is mandatory that the special venire be drawn from the entire county, but the language ''if the court so direct'' lodges the discretion entirely within the province of the trial court, and a juror is not required to serve out of his district unless the circuit court in its discretion should otherwise order.

The other section bearing on this question is section 2362, Hemingway's Code 1927 (section 2715, Code of 1906), the applicable part of which being as follows:

''When any person charged with a capital crime, or with the crime of manslaughter, shall have been arraigned and the plea of not guilty entered, it shall be the duty of the court, upon the demand of the accused or the district attorney, to cause to be drawn, in open court, from the jury box, as many names as the judge in his discretion may direct, not to be less than forty.''

This section vests discretion in the trial court, and not in the defendant, as to the jury box from which the special venire is to be drawn and the number to be drawn. Section 2365, Hemingway's Code 1927 (section 2718, Code of 1906), provides that ''all the provisions of law in relation to the listing, drawing, summoning and impaneling juries are directory merely;'' and this court has specifically held that section 2362, Hemingway's Code 1927 (section 2715, Code of 1906), is directory, and not mandatory. And, where there is no evidence to show that the defendant was not tried by a fair and impartial jury, error may not be predicated for an irregularity in drawing or impaneling the jury. *Ferguson* v. *State,* 107 Miss. 559, 65 So. 584; *Haney* v. *State,* 129 Miss. 486, 92

So. 627.; *Walford* v. *State,* 106 Miss. 19, 63 So. 316; *Mc-Vey* v. *State,* 117 Miss. 243, 78 So. 150. The sections, supra, as applicable to the drawing of a special venire are directory, and not mandatory.

*Affirmed.*