396 So.2d 15 (1981)
Doyle VALENTINE
v.
STATE of Mississippi.
No. 52567.
Supreme Court of Mississippi.
March 25, 1981.
*16 Thomas Tucker Buchanan, Billie J. Graham, Laurel, for appellant.
Bill Allain, Atty. Gen. by Karen A. Gilfoy, Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and WALKER and BROOM, JJ.
BROOM, Justice, for the Court:
Cross-examination limitations imposed by the trial judge to shield an undercover agent while on the witness stand from interrogation by defense counsel highlight this cause. Sale of marijuana is the offense for which Doyle Valentine (defendant) was convicted in the Circuit Court of the Second Judicial District of Jones County. Sentenced to twenty years in the custody of the Mississippi Department of Corrections with twelve years being suspended, he appeals. We reverse.
The state's case rested largely on the testimony of undercover agent Earl Plymale of the Metro Narcotics Division, Jones County Sheriff's Department. Plymale testified that on March 2, 1979, he made a buy as directed from defendant Valentine. Plymale paid $300 to the defendant for the marijuana. Plymale's testimony was corroborated by others, and we think the evidence was sufficient. To the contrary was the defendant's denial that he sold Plymale the marijuana.
DID THE TRIAL COURT ERR IN GRANTING THE STATE'S MOTION IN LIMINE RESTRICTING IMPEACHMENT AND CROSS-EXAMINATION OF UNDERCOVER AGENT EARL PLYMALE? The trial court granted the state's motion in limine and entered an order which required defense counsel
to refrain, by express or implied questions, from commenting on or attempting to solicit answers on the character of the State's Witness Earl Plymale for anything other than his reputation for truth and veracity and then only specifically that reputation.
Somewhat pertinent here is Mississippi Code Annotated § 13-1-11 (1972) which provides for impeachment of a witness by showing past convictions for criminal offenses. Of course, such impeachment is frequently accomplished by means of cross-examination. Sanders v. State, 352 So.2d 822, 824 (Miss. 1977) quotes from Baker v. State, 307 So.2d 545 (Miss. 1975), which states:
It has long been the law in this state that a witness may be cross-examined touching his conviction of a crime which may extend to misdemeanors as well as infamous crimes.
Recently in Broadus v. State, 392 So.2d 203 (Miss. 1980), we reversed Broadus's conviction in a case wherein the testimony of undercover agent Earl Plymale was presented by the state. In Broadus, Justice Sugg, writing for the Court, concluded: "On retrial defendant should be permitted to show all the convictions of the witness regardless of the age of the witness at the time of the convictions."
In sustaining the motion in limine now before us, the lower court in effect ruled that no previous convictions of Plymale could be used for impeachment. The ruling encroached greatly upon other aspects of cross-examination by defense counsel. As stated in the Mississippi Law Journal's Evidence Symposium, "The right to impeach or to attack a witness' credibility is considered the most valid safeguard for providing the trier of fact complete access to the truth." 48 Miss.L.J. 1059, 1070 (1977). In its brief appellee
readily admits to some reservation over entry of an order limiting inquiry solely and specifically to reputation for truth and veracity.
After alluding to "some reservation," the appellee then argues that when such limitation is present the defendant has a duty to make a proffer outside the presence of the jury of "what is intended to be shown... ." *17 According to the appellee no such proffer was timely made, and further the cross-examination of Plymale was not in fact unduly restricted because he was cross-examined at length. In effect it is argued that the error was "harmless error."
Our conclusion is that the prejudice or lack of prejudice to the defendant is not measurable on the record before us. No one can anticipate or make precise proffer of what he may develop by employing the important right of cross-examination. Restriction of defense counsel by sustaining the prosecution's motion is too drastic to overlook as "harmless error."
Our established law under § 13-1-11, supra, and our cases is that the defendant must not be substantially restricted in his right to examine a witness appearing against him. As we held in Myers v. State, 296 So.2d 695, 700 (Miss. 1974), the right of cross-examination is not satisfied by "token interrogation" and includes the right to fully cross-examine the witness on any material matter which would bear on the credibility of the witness. Accordingly, the conviction must be reversed, and the case remanded for a new trial.
Another proposition argued is that under recently enacted Mississippi Code Annotated § 13-5-32 (Supp. 1980) the trial judge erroneously sequestered the jury list. The statute reads:
§ 13-5-32. Names of jurors drawn from jury box to be made public, exception.
The names of jurors drawn from the jury box shall be made available to the public unless the court determines in any instance that this information in the interest of justice should be kept confidential or its use limited in whole or in part.
Reversal of the case is being ordered for reasons discussed above having to do with cross-examination limitations. Nevertheless, the Court sets forth its opinion that only in rare and exceptional cases should a presiding judge sequester or keep secret the names of jurors drawn from the jury box. Here the trial judge ordered that names of the jurors drawn would be kept confidential by the clerk "until the said Juror's [sic] have reported to the Courthouse for Jury service." Before the trial judge makes a determination not to make a jury list available to litigants or trial attorneys whose clients will have a cause for trial, he should cause the record clearly to demonstrate good and sufficient reason "in the interest of justice" as § 13-5-32 provides. Before making his determination to keep confidential or secret the names of the jurors drawn from the jury box, the litigants or counsel (in this case the defendant) should have notice that such action is being considered by the trial judge. Then the court should make its decision only after a hearing is accorded the defendant on the issue.
Another argument made is that the trial court erred in allowing the testimony of former District Attorney Robert Sullivan who appeared and testified concerning surveillance procedures. He also testified about his involvement in hiring Plymale and the operations of the Narcotics Unit. Assertion is made by the defendant that the former district attorney was presented in order to bolster undercover agent Plymale's testimony. At retrial of the cause upon proper objection such testimony by the former prosecutor should not be admitted into evidence.
REVERSED AND REMANDED FOR A NEW TRIAL.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, LEE, BOWLING and HAWKINS, JJ., concur.