# IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
### NO. 1999-KA-00991-COA

**MAURICE BISHOP** APPELLANT

**v.**

**STATE OF MISSISSIPPI** APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/27/1998 |
| TRIAL JUDGE: | HON. KENNETH L. THOMAS |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | RAYMOND L. WONG |
| | WILLIAM KETHLEY DOSSETT |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: W. GLENN WATTS |
| DISTRICT ATTORNEY: | LAURENCE Y. MELLEN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | EMBEZZLEMENT: SENTENCED TO A TERM OF 10 YEARS IN THE MDOC |
| DISPOSITION: | AFFIRMED - 02/08/2000 |
| MOTION FOR REHEARING FILED: | |
| CERTIORARI FILED: | |
| MANDATE ISSUED: | 2/29/2000 |

BEFORE SOUTHWICK, P.J., DIAZ, AND PAYNE, JJ.

SOUTHWICK, P.J., FOR THE COURT:

¶1. Maurice Bishop was convicted of embezzlement by a Bolivar County Circuit Court jury. Bishop appeals asserting that the verdict of the jury was against the great weight of the evidence and that the trial court erred in limiting the cross-examination of a prosecution witness and in not giving a lesser-included-offense instruction on petit larceny. We find no merit to these assignments and affirm the judgment.

## FACTS

¶2. Idella Taylor purchased a riding lawnmower on May 10, 1997. At some point during the summer, the lawnmower quit working properly. There is some evidence that the starter had been stolen. Taylor asked Maurice Bishop, a neighborhood friend, if he could repair it. Bishop offered to take the lawnmower to a repair shop. In late August, Bishop, accompanied by a friend, went to Taylor's house and picked up the lawnmower. Bishop never returned it.

¶3. When Taylor began to inquire about her lawnmower, Bishop assured her that it was being repaired and that he would bring it to her house when repairs were completed. Bishop had in fact pawned the lawnmower approximately three days after he had picked it up from Taylor's house. In those three days Bishop fixed the mower and then pawned it for $150.

¶4. Taylor discovered that her lawnmower was in the pawn shop and notified the police. After Taylor reported the incident to the police, Bishop allegedly went back to the pawn shop and told the manager that the lawnmower was not his, but the owner owed him money for the repairs and that was the reason he pawned it. The police picked the mower up and returned it to Taylor.

¶5. Bishop was arrested, indicted and tried for embezzlement in violation of Miss. Code Ann. § 97-23-19 (Rev. 1994). Following a jury trial Bishop was found guilty and sentenced to ten years imprisonment as a habitual offender. He appeals.

## DISCUSSION

### I. Weight and sufficiency of the evidence

¶6. Bishop argues that the jury's verdict was against the great weight of the evidence and that the trial court erred in not granting any one of the variety of peremptory motions that he made during the trial. Bishop alleges that the evidentiary defect is that the State failed to show that Bishop intended to do anything other than recover the money that he allegedly expended to repair the mower.

¶7. The trial court has discretionary authority to set aside a jury's verdict and order a new trial only where the court is convinced that the verdict of the jury is so contrary to the weight of the evidence that to allow it to stand would be the sanction of unconscionable injustice. *Butler v. State*, 544 So.2d 816, 819 (Miss. 1989). Further, a directed verdict of acquittal should be granted only when there is an absence of evidence on one or more elements of the offense. *McClain v. State*, 625 So. 2d 774, 778 (Miss. 1993). Bishop argues that the State failed to prove that Bishop had the necessary intent to commit the crime of embezzlement. However, the State produced evidence that Bishop took the lawnmower with permission from Idella Taylor for the purpose of repairing it. Testimony indicated that approximately three to four days after he picked up the lawnmower he pawned it for $150. The State also had the manager of the pawn shop testify that Bishop only told him that the lawnmower was not his after the police had placed a hold on the lawnmower.

¶8. Bishop testified that he had picked up the lawnmower from Taylor sometime in February and he had a now deceased friend, Chester Henderson, repair it. Bishop also produced two letters that he allegedly sent to Taylor asking her to pay for the repairs and then he would return the lawnmower to her. Bishop introduced a receipt allegedly written by Henderson for $212.65, which was the cost of parts for repairing the lawnmower. Finally, Bishop testified that he and Taylor had been romantically involved at some point before he broke off the relationship and that this was her way of getting even.

¶9. The State countered Bishop's evidence with testimony from Chester Henderson's widow that the receipt Bishop introduced was not in the handwriting of her husband. The State also quite effectively cross-examined Bishop on the issue of the letters and the date on which he allegedly picked up the lawnmower from Taylor.

¶10. In examining the facts in the light most favorable to the prosecution, we find the verdict of guilt to be one that a reasonable juror could reach. Evidence of intent is generally circumstantial at best. The jury was allowed to infer intent from Bishop's actions.

## II. Limits on cross-examination of a prosecution witness

¶11. Bishop next asserts that the trial court erred in limiting his cross-examination of Taylor, the owner of the mower. Defense counsel sought to examine Taylor about an alleged prior offense for driving while intoxicated and about a history of mental problems. The State brought a motion *in limine* on these subjects, which was granted by the trial court. Relying solely on the evidentiary rule that the credibility of any witness may be attacked, Bishop argues that this limitation was unreasonable. M.R.E. 607.

¶12. The accused in a criminal trial has a fundamental right implicit in the confrontation clauses of our state and federal constitutions to cross-examine witnesses testifying against him. U.S. Const. amend. VI; Miss. Const. art. 3, § 26; *Sayles v. State*, 552 So.2d 1383, 1387 (Miss. 1989). However, the rule does not allow cross-examination on any matter affecting the credibility of witnesses without restraint. The privilege only extends to any matter that is relevant. *Whit v. State*, 532 So.2d 1207, 1217 (Miss. 1988). Accordingly, "the scope of cross-examination though ordinarily broad, is within the sound discretion of the trial court and the trial court possesses inherent power to limit cross-examination to relevant matters." *Heflin v. State*, 643 So.2d 512, 518 (Miss. 1994).

¶13. The trial court here ruled that Taylor's driving offense and alleged history of mental illness was not relevant to her testimony concerning Bishop's misappropriation of her lawnmower. There is no argument that the witness was confused on the stand, appeared to be hallucinating, or otherwise lacked coherence. Exploring whether Taylor had ever been to a mental hospital seems little more than a blanket disparagement of the witness without any correlation to whether she was accurately recalling whether this was her mower and whether it had been taken by Bishop for repairs. Similarly, an arrest for driving while intoxicated, unless counsel was trying to support that she had a drinking problem that was then affecting her testimony, is irrelevant.

¶14. In addition, there was no offer of proof made by Bishop. It is true than when "cross examination on a material issue is restricted, the party complaining of it on appeal need not make a proffer for the record." *Horne v. State,* 487 So.2d 213, 216 (Miss.1986). This was said in reliance on the following authority:

> [O]n cross-examination, the examining counsel does not necessarily know how the witness is going to respond, and so can make no reliable proffer of what the testimony may have been.

*Id.*, (citing *Valentine v. State,* 396 So.2d 15, 17 (Miss.1981)). Here, we find that these questions of mental illness or a prior driving while intoxicated offense are not material issues as stated in *Horne,* nor are they matters about which the cross-examining attorney is too unfamiliar to require an offer of proof. Defense counsel was alleging specific events had occurred about which he was obviously familiar. Though we do not rule on this basis, having agreed with the trial court that the matters were irrelevant, we also observe that an offer of proof would not necessarily have been covered by the *Valentine* exception.

¶15. Finally, Bishop's counsel was allowed to explore without restraint the central area of impeachment that he raised, namely the romantic relationship that Bishop allegedly had with Taylor. She was asked whether she had threatened Bishop that if "I can't get you one way then I'll get you another." Wide-ranging but not

limitless cross-examination was permitted.

### *III. Refusal of an instruction on petit larceny as a lesser-included-offense*

¶16. Bishop's final assignment of error is that the trial court erred in not granting an instruction that included the lesser offense of petit larceny. The basis for the instruction was a controversy as to the value of the lawnmower. Bishop argues that the value should be placed at what he received from the pawn shop or $150. The prosecution argues that the value should be the fair market value of the lawnmower. There was testimony which placed that value at $399.

¶17. The crux of Bishop's argument is that when a defendant is indicted for embezzlement but the value of the property is less than $250 then the defendant is to be punished for petit larceny. Bishop relies on this statute:

> In convictions for obtaining money under false pretenses, and for embezzlement, if the value of the money or property received, obtained, or embezzled, be less than Two Hundred Fifty Dollars ($250.00), the offense shall be punished as petit larceny.

Miss. Code Ann. § 99-19-17 (Rev. 1994). This statute affects the sentence of a convicted defendant, not the crime for which he is charged or on which a jury is instructed. When a defendant is convicted of embezzlement and the value of the property taken is less than $250, then the penalty shall be not more than six months imprisonment or a fine not exceeding $1,000, or both. Miss. Code Ann. § 97-17-43 (Supp. 1999). It is not necessary to instruct the jurors on the elements of petit larceny.

¶18. More importantly, petit larceny is *not* a lesser-included-offense of embezzlement. The allegedly lesser-included-offense actually has a different element in it, not just fewer elements than the greater. In such a situation, one crime is not the lesser of the other. *Rowland v. State*, 531 So.2d 627, 631 (Miss. 1988). Embezzlement requires that property be entrusted to a person who then converts it to his own use. Petit larceny requires the taking of property without permission.

¶19. The instruction that Bishop requested was properly refused.

**¶20. THE JUDGMENT OF THE BOLIVAR COUNTY CIRCUIT COURT OF CONVICTION OF EMBEZZLEMENT AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. SENTENCE IS TO RUN CONSECUTIVE TO ANY AND ALL PREVIOUS SENTENCES. COSTS OF THIS APPEAL ARE ASSESSED TO BOLIVAR COUNTY.**

**McMILLIN, C.J., KING, P.J., BRIDGES, DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.**