830 So.2d 1258 (2002)
Tommie Lee KITTLER, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-KA-01740-COA.
Court of Appeals of Mississippi.
May 21, 2002.
Rehearing Denied July 30, 2002.
Certiorari Denied November 21, 2002.
*1259 Leslie D. Roussell, Laurel, attorney for appellant.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before McMILLIN, C.J., BRIDGES, and IRVING, JJ.
IRVING, J., for the court.
¶ 1. Tommie Lee Kittler was convicted by a jury in the Circuit Court of Wayne County of possession of cocaine. He has appealed and raises the following issues: (1) whether the trial judge erred in overruling his motion for directed verdict, (2) whether the trial court erred in failing to allow his counsel to cross examine a Mississippi crime lab witness about a federal investigation, and (3) whether the State's closing argument resulted in unfair prejudice.
¶ 2. Finding no reversible error, we affirm.

FACTS
¶ 3. On July 2, 1999, Kittler was stopped by Officer Spencer Davis of the Wayne County Sheriff Department for driving in a negligent manner. Kittler was given a field sobriety test and subsequently arrested for suspicion of DUI. He was taken to the Wayne County Sheriff Department. Before Kittler was placed in a jail cell, Willie McDougle, the jailer, searched him and found what appeared to be crack cocaine wrapped in tissue. The substance was later identified as .11 grams of crack cocaine. However, Kittler was indicted, as a habitual offender, for possession of 7.7 grams of cocaine. During the course of the trial, the State was allowed to amend the indictment to change the quantity from 7.7 grams to .11 grams. Following his conviction, Kittler filed a motion for a JNOV or, in the alternative, a new trial.
That motion was denied, and Kittler filed this appeal.

ANALYSIS AND DISCUSSION OF THE ISSUES
1. Denial of Motion for Directed Verdict
¶ 4. At the close of the State's case-in-chief, Kittler moved for a directed verdict on the basis that the State had not proven every element of the indictment. Kittler argued that the indictment alleged that he possessed 7.7 grams of cocaine, whereas, the State only introduced evidence to support that he possessed .11 grams of cocaine. The indictment returned by the grand jury states in pertinent part: "in said County and State on, or about the 2nd day of July, A.D., 1999, [Kittler] did willfully, unlawfully and feloniously and knowingly possess approximately 7.7 grams of cocaine, a Schedule II, controlled substance." The trial court, over Kittler's objection, allowed the State to amend the indictment changing the quantity of cocaine from 7.7 to .11 grams.
¶ 5. Kittler complains that the motion for directed verdict should have been granted based on the fact that he was indicted for possession of 7.7 grams of cocaine when the testimony supports a finding of only .11 grams. Moreover, Kittler argues that any substantive change to an indictment requires grand jury action.
¶ 6. We agree with Kittler's assertion that a court may not allow an amendment of an indictment as to a substantive matter, without the agreement of the grand jury which issued the indictment. However, the indictment may be amended in regards to form. Wolfe v. State, 743 So.2d 380(¶ 18) (Miss.1999); Quick v. State, 569 So.2d 1197, 1199 (Miss. 1990). In Shelby v. State, 246 So.2d 543, *1260 545 (Miss.1971), our supreme court ruled that "a change in the indictment is permissible if it does not materially alter facts which are the essence of the offense on the face of the indictment as it originally stood or materially alter a defense to the indictment as it originally stood so as to prejudice the defendant's case." Amending the indictment as to the quantity of the cocaine does not change the essence of the charge. Kittler unlawfully possessed cocaine, a Schedule II substance, and the amount Kittler possessed only affects the penalty. See Broadus v. State, 392 So.2d 203, 205 (Miss.1980).
2. Cross-Examination of State's Witness
¶ 7. Kittler argues that he was denied his Sixth Amendment right to cross-examine a prosecution witness. Kittler attempted to question Grady Downey, a forensic scientist for the Mississippi Crime Laboratory, about a federal investigation in Jackson. It is not clear from the record whether this was an investigation of the State Crime Laboratory or some other crime lab, or evidence vault, connected to the Jackson Police Department. In any event, the court sustained the State's objection on the basis that the questions were without foundation and not relevant to the case. Prior to the objection being sustained, the witness testified that he was aware of a federal investigation, but he did not testify to either the nature and scope of the investigation or the identity of the lab involved, if in fact one was involved. No proffer was made as to what the witness would have testified to had he been allowed to answer defense counsel's questions.
¶ 8. "One accused of a crime has the right to broad and extensive crossexamination of the witnesses against him...." Suan v. State, 511 So.2d 144, 148 (Miss.1987). Mississippi Rules of Evidence 611(b) allows liberal cross-examination so long as the issues are relevant. Consequently, Kittler could not be substantially restricted in his right to examine an accusatory witness on relevant matters. Valentine v. State, 396 So.2d 15, 17 (Miss. 1981). "[T]he right of cross-examination is not satisfied by `token interrogation' and includes the right to fully cross-examine the witness on any material matter which would bear on the credibility of the witness." Id.; Myers v. State, 296 So.2d 695, 700 (Miss.1974). Kittler has offered nothing which would suggest the relevancy of the line of questions he wished to pursue. Consequently, we affirm the trial court's decision to disallow the questions on the basis of relevancy.
3. Closing Argument
¶ 9. Kittler argues that the State engaged in prejudicial closing argument. Specifically, Kittler contends that the following argument constitutes an improper "conscience of the community" argument:
I want you to envision this, ladies and gentlemen, just to see how ridiculous this is. You can see the newspaper headline. It says, man with cocaine found in pocket acquitted.

* * * * * *
My argument, ladies and gentlemen, is if you looked at that, you would say, how could that possibly be? And the only way that can possibly be, ladies and gentlemen, is if you fall for that bait and forget to use your common sense
Kittler maintains that the remarks were said with the intent to intimidate the jury into convicting him out of fear of ridicule from the public if it acquitted him. The trial judge overruled the objection with a single statement: "Well, it's argument." Kittler also moved for a mistrial on the *1261 same basis, and the court denied his motion.
¶ 10. As set forth in Craft v. State, 226 Miss. 426, 435, 84 So.2d 531, 535 (1956), the test to determine if an improper argument by a prosecutor requires reversal is whether the natural and probable effect of the prosecuting attorney's improper argument created unjust prejudice against the accused resulting in a decision influenced by prejudice. Generally, attorneys are allowed wide latitude during closing arguments. Forbes v. State, 771 So.2d 942(¶ 21) (Miss.2000). A prosecutor's suggestion based on sending a message to the community with a particular verdict has been condemned by our supreme court. Id. at (¶ 25). Additionally, the court has found that it is error for the jury to base a verdict on the consciousness of the community and that the proper inquiry for the jury is whether the evidence supports guilt beyond a reasonable doubt. Id. at (¶ 27).
¶ 11. We conclude that the prosecutor was a bit too zealous in the closing argument and do not condone such argument. However, reversal is not warranted. Kittler has not shown how the outcome of his case was prejudiced by the prosecutor's improper remarks. We do not find the remarks so egregious that the natural and probable effect of them created such prejudice against Kittler so as to have caused the jury to reach an unjust verdict. The evidence of his guilt was overwhelming.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF WAYNE COUNTY OF CONVICTION OF POSSESSION OF COCAINE AS A HABITUAL OFFENDER AND SENTENCE OF SIXTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, TO RUN CONSECUTIVELY TO ANY SENTENCE PREVIOUSLY IMPOSED, AND FINE OF $1,000 IS AFFIRMED. ALL COSTS ARE ASSESSED TO WAYNE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.