SOUTHWICK, P.J.,
for the court.
¶ 1. Ronnie Ringo Davis was convicted of two counts of sale of cocaine by a circuit court jury. Davis appeals and argues that there was no proof that what he sold was cocaine. The issue concerns the breadth of a stipulation that trial counsel entered. We find that the stipulation did include acknowledgment that the substance was cocaine. Therefore, we affirm.
FACTS
¶ 2. Ronnie Ringo Davis was videotaped by an undercover drug enforcement officer offering crack cocaine for sale. Davis participated in two drug sales with the officer, both recorded. At trial, the videotapes were introduced into evidence and shown to the jury. As the State neared the completion of its case, the district attorney stated that he had entered a stipulation with defense counsel. We will discuss the terms of the stipulation as the single issue on appeal. As a result, no witness was called who identified the substance purchased from the defendant as crack cocaine. The jury deliberated for nine minutes before returning a guilty verdict. Davis appeals.
DISCUSSION
¶ 3. Davis argues that no evidence was introduced that the two items sold contained cocaine. If no evidence on that point was presented to the jury, then the conviction cannot stand. However, direct evidence is not needed. A fact that is a necessary element of a crime can be proven by agreement of the parties. A defendant can even stipulate to all the elements of the offense by pleading guilty.
¶ 4. The district attorney stated that he was calling Grady Downey, and then in his next sentence stated that he believed that a stipulation could be entered. Downey is not identified in this record, but we have encountered this witness in several appeals in his role as a forensic scientist with the Mississippi Crime Laboratory. E.g., Kittler v. State, (¶ 7), 830 So.2d 1258 (Miss.Ct.App., May 21, 2002); Lewis v. State, 748 So.2d 848, 849 (Miss.Ct.App.1999). The State had not by that point in this trial *573 presented the results of a laboratory analysis of the substance that Davis sold.
¶ 5. This was the exchange at trial:
District Attorney: It would be stipulated between the State and the Defense that what has previously been marked for Identification ... may be now received into evidence as cocaine, Exhibit 1 being cocaine in the amount of .20 grams, and Exhibit 2 being cocaine in the amount of .45 grams.
Court: Can you agree that it can be received in evidence?
Defense Counsel: Yes, sir.
Court: Is that your stipulation?
Defense Counsel: Yes, sir.
Court: All right. Let it be marked, both exhibits.
District Attorney: Your Honor, with that stipulation, it won’t be necessary for us to call Mr. Downey to testify.
¶ 6. Davis’s appellate counsel, who is not the same attorney as represented Davis at trial, interprets the lower court’s questions as limiting the stipulation to the mere admission of the evidence. However, the district attorney described the stipulation as being that the material marked as Exhibits 1 and 2 could be received into evidence as cocaine of specific amounts. It is true that the trial judge did not repeat all of that to defense counsel, but the stipulation must be viewed in light of what the prosecutor stated as well as the summary by the court. If defense counsel was not agreeing to stipulate to what the prosecutor stated in open court was the breadth of the stipulation, then it was incumbent on counsel to say so. Reviewing the context of the proceeding, namely, the State’s announcing the agreement and then notifying the court that it was excusing its remaining witness, and Davis’s assenting, we find that the stipulation must be interpreted to mean that the substance was established to be cocaine and could also properly be admitted into evidence.
¶ 7. Moreover, what the defense counsel thought had been stipulated is indicated by counsel’s later actions at trial. The defense motion for directed verdict made only minutes later did not allege that there was no proof regarding the identity of the substance that was sold but argued only that the identity of the seller was not positively established. Further, no objection was made when the prosecutor stated in closing argument that the substance “was taken to the Crime Lab, and sure enough, it turned out to be cocaine.”
¶ 8. We agree that an ambiguous stipulation would create doubts about the conviction. We find no ambiguity here. There was sufficient evidence as to each element of the offense. In addition, the overwhelming weight of the evidence favors the verdict, and no justification for a new trial exists. Groseclose v. State, 440 So.2d 297, 300 (Miss.1983).
119. THE JUDGMENT OF THE CIRCUIT COURT OF SCOTT COUNTY OF CONVICTION OF TWO COUNTS OF SALE OF COCAINE AND SENTENCE ON COUNT I OF 30 YEARS AND ON COUNT II OF 5 YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH THIS SENTENCE TO RUN CONSECUTIVELY WITH COUNT I IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SCOTT COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.